UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KARI MARIE STEPANIK<br>    Plaintiff,<br><br>v.<br><br>UPMC MCKEESPORT,<br><br>    Defendant. | Case No. _____<br><br><br>JURY TRIAL DEMANDED |

# COMPLAINT

NOW COMES Plaintiff, Kari Stepanik, by and through her attorney, Sean L. Ruppert., of Kraemer, Manes & Associates LLC, and files this complaint alleging as follows:

## I. Nature of the Action

1. Plaintiff brings this action under the Americans with Disabilities Act ("ADA") 42 U.S.C §12101-12213 and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.

## II. Jurisdiction and Venue

2. This action arises under the statutes cited in the preceding paragraph. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") regarding her allegations under the ADA on May 1, 2017 under charge number 533-2017-00878. *See Exhibit 1.*

5.  Plaintiff was mailed Notice of Right to Sue from the EEOC on November 21, 2017. The Complaint has been filed within ninety (90) days of the Plaintiff's receipt, this making this action timely. *See Exhibit 2.*

### III. Parties

6.  Plaintiff, Kari M. Stepanik ("Plaintiff"), is an adult individual who currently resides at 107 Daggette Drive, Buena Vista, Pennsylvania 15018.

7.  Defendant, UPMC McKeesport, ("Defendant") is a non-profit organization with a regular place of business located of 1500 5th Avenue, McKeesport, Pennsylvania 15132.

### IV. Facts

8.  Plaintiff was hired by Defendant in October of 2012, as a Registered Nurse in the Emergency Department.

9.  Plaintiff took FMLA leave in January of 2016 to give birth to her child.

10. Plaintiff used short term disability (STD) for six (6) weeks of leave and her personal time off (PTO) for another six (6) weeks of leave.

11. Plaintiff began to suffer from acute depression and anxiety, which her counselor believed to be post-partum related.

12. Plaintiff's conditions were exacerbated by the bullying treatment she received upon returning to work from a co-worker.

13. Recognizing the need for medical treatment for her post-partum depression and anxiety, Plaintiff applied for FMLA leave in October of 2016. Defendant denied this request.

14. Plaintiff obtained another six (6) weeks of STD leave.

15. Plaintiff believed that returning to work with the same co-workers that had previously bullied her would cause another exacerbation of her medical condition. Plaintiff asked her unit manager, Nora Evans, to demote her to staff nurse so she could avoid working with the individual who had been harassing her.

16. Ms. Evans told Plaintiff that they would discuss this position upon her return to work.

17. In November of 2016, Plaintiff spoke to Ms. Bradford in Human Resources about the bullying she had received from her coworkers. Plaintiff requested to work as a staff nurse rather than her current position as a clinician/registered nurse.

18. Ms. Bradford told Plaintiff that due to the union policy, Plaintiff would have to reapply online as a new employee and go through the hiring process again in order to move to a different position.

19. Plaintiff also spoke with David Coursin, the Unit Director, about her return to work and her request to return to a prior job position. Coursin stated that he would gladly have her back.

20. Plaintiff returned to work December of 2016.

21. Plaintiff was placed in the same position, around the same coworkers who had been bullying her prior to her medical leave.

22. Plaintiff was never given the opportunity to discuss the possibility of working as a staff nurse.

23. During her first shift after returning from STD, Plaintiff was accused of substance abuse. No drug test was requested by the Defendant either before, or after, the allegations were made.

24. Plaintiff was terminated December 15, 2016.

## V. Causes of Action

### COUNT I
### Termination in Violation of the ADA

25. All other paragraphs of this pleading are incorporated herein as if set forth at length.

26. Defendant paid Plaintiff a salary, in accordance with a regular payroll schedule, in exchange for services rendered by Plaintiff on behalf of the Defendant. Therefore, Defendant constitutes an "employer" within the meaning of the ADA.

27. Plaintiff was an employee with a disability within the meaning of the ADA following her development of post-partum related acute depression and anxiety.

28. Plaintiff believed that returning to work with the same co-workers that had previously bullied her would cause another exacerbation of her medical condition. Plaintiff asked her unit manager, Nora Evans, to demote her to staff nurse so she could avoid working with the individual who had been harassing her.

29. Ms. Evans told Plaintiff that they would discuss this position upon her return to work.

30. In November of 2016, Plaintiff spoke to Ms. Bradford in Human Resources about the bullying she had received from her coworkers. Plaintiff requested to work as a staff nurse rather than her current position as a clinician/registered nurse.

31. Ms. Bradford told Plaintiff that due to the union policy, Plaintiff would have to reapply online as a new employee and go through the hiring process again in order to move to a different position.

32. Plaintiff was placed in the same position, around the same coworkers who had been bullying her prior to her medical leave.

33. During her first shift after returning from STD, Plaintiff was accused of substance abuse. No drug test was requested by the Defendant either before, or after, the allegations were made.

34. Plaintiff was terminated December 15, 2016.

35. Defendant terminated Plaintiff, in whole or in part, because of her disability.

36. Plaintiff's unlawful termination is an adverse employment action.

37. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

38. Defendant's acts and omissions violated the ADA.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in her favor, and against the Defendant, and award all damages available at law and in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, pre-judgment and continuing interest, and any other relief that the Court deems necessary and proper.

## Count II
### Failure to Accommodate in Violation of the ADA

39. All other paragraphs of this pleading are incorporated herein as if set forth at length.

40. Defendant paid Plaintiff a salary, in accordance with a regular payroll schedule, in exchange for services rendered by Plaintiff on behalf of the Defendant. Therefore, Defendant constitutes an "employer" within the meaning of the ADA.

41. Plaintiff was an employee with a disability within the meaning of the ADA following her development of post-partum related acute depression and anxiety.

42. Plaintiff believed that returning to work with the same co-workers that had previously bullied her would cause another exacerbation of her medical condition. Plaintiff asked her unit manager, Nora Evans, to demote her to staff nurse so she could avoid working with the individual who had been harassing her.

43. Ms. Evans told Plaintiff that they would discuss this position upon her return to work.

44. In November of 2016, Plaintiff spoke to Ms. Bradford in Human Resources about the bullying she had received from her coworkers. Plaintiff requested to work as a staff nurse rather than her current position as a clinician/registered nurse.

45. Ms. Bradford told Plaintiff that due to the union policy, Plaintiff would have to reapply online as a new employee and go through the hiring process again in order to move to a different position.

46. Instead of accommodating the Plaintiff, Defendant placed Plaintiff in the same position, around the same coworkers who had been bullying her prior to her medical leave.

47. During her first shift after returning from STD, Plaintiff was accused of substance abuse. No drug test was requested by the Defendant either before, or after, the allegations were made.

48. Plaintiff was terminated December 15, 2016.

49. Plaintiff's unlawful termination is an adverse employment action.

50. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

Defendant's acts and omissions violated the ADA. WHEREFORE, Plaintiff respectfully request that this Court enter judgment in her favor, and against the Defendant, and award all damages available at law and in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, pre-judgment and continuing interest, and any other relief that the Court deems necessary and proper.

## Count III
## FMLA Retaliation

51. All other paragraphs of this pleading are incorporated herein as if set forth at length.

52. Defendant employs more than fifty (50) people within a 75-mile radius of where Plaintiff worked.

53. Plaintiff worked more than 1,250 hours for Defendant in the previous year prior to Defendant unlawfully terminating Plaintiff.

54. Plaintiff took FMLA leave in January of 2016 to give birth to her child.

55. Plaintiff returned to work December of 2016.

56. During her first shift after returning from leave, Plaintiff was accused of substance abuse. No drug test was requested by the Defendant either before, or after, the allegations were made.

57. Plaintiff was terminated December 15, 2016.

58. Defendant retaliated against Plaintiff for exercising her lawful right to FMLA leave.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in her favor, and against the Defendant, and award all damages available at law and in equity, including: lost wages, front pay, liquidated damages, court costs, attorney fees, pre-judgment and continuing interest, and any other relief that the Court deems necessary and proper.

Respectfully Submitted,

/s/ Sean L. Ruppert
Sean L. Ruppert, Esq.
PA ID: 314380
**KRAEMER, MANES & ASSOCIATES LLC**
US Steel Tower
600 Grant Street, Suite 4875
Pittsburgh, PA 15219
(412) 626-5550 Direct
(412) 637-0144 Fax
sr@lawkm.com